UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JAMES ELDON MOBLEY,                                      Case No. 2:18-cv-01936-MC

        Petitioner,                                           OPINION AND ORDER

     v.

BRAD CAIN, Superintendent, SRCI,

        Respondent.
_____

MCSHANE, District Judge:

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2014 convictions for sexual abuse, primarily alleging the ineffective assistance of his trial counsel. Respondent argues that the petition should be denied because petitioner's claims are procedurally defaulted and otherwise lack merit. Because petitioner fails to establish entitlement to federal habeas relief, his petition is denied.

BACKGROUND

In April 2014, petitioner was charged with two counts of Sexual Abuse in the First Degree. The charges arose from petitioner's abuse of a foster child, C.F., who was in petitioner's

1   - OPINION AND ORDER

care. Resp't Ex. 102 at 2-4. In May 2014, petitioner was charged with three counts of Sexual Abuse in the First Degree. These charges arose from petitioner's abuse of another foster child, E.M. Resp't Ex. 102 at 1-2. Other foster children who had been in the care of petitioner and his wife disclosed similar instances of sexual misconduct by petitioner, but no additional charges were brought based on these reports. Resp't Ex. 104 at 4-5.

In September 2014, petitioner pled guilty to one count of Sexual Abuse in the First Degree in each case. In return, the State agreed to dismiss the remaining charges and recommend concurrent, mandatory sentences of seventy-five months in each case. Resp't Ex. 103 at 2, 7; Resp't Ex. 104 at 2. Prior to accepting petitioner's pleas, the trial court engaged in a colloquy with petitioner to insure his pleas were knowing and voluntary. Resp't Ex. 104 at 3-9. The trial court also confirmed that petitioner understood the court was "not obligated to follow any [sentencing] recommendation made by the State." Resp't Ex. 104 at 3. Petitioner acknowledged that he understood. After a factual recitation from the State, the court accepted petitioner's pleas of guilty. Resp't Ex. 104 at 4-8.

The trial court did not follow the recommendation proposed by the parties and instead imposed consecutive sentences of seventy-five months. Resp't Ex. 101; Resp't Ex. 104 at 10. In doing so, the trial court explained:

> What's very concerning to me, Mr. Mobley, that as a foster parent you were put in a position of trust. The kids that were placed with you were vulnerable kids, more so than kids that are not in foster homes, and you took advantage of that situation. It's very disturbing to me that three or four more victims just came forward within the last week. I can tell you right now I am not following the State's recommendation. I don't think that the fact that you['re] 78 should be a basis for me running cases concurrent because if you were 25 I'd give you the same sentence that I'm going to hand down today.

Resp't Ex. 104 at 10.

After an unsuccessful direct appeal, petitioner filed a petition for post-conviction relief (PCR) and alleged that his counsel was ineffective for "failing to effectively investigate the case prior to advising petitioner to plead guilty," "failing to move to withdraw plea after additional allegations were being considered by the judge," and failing to advise petitioner of the possibility of consecutive sentences. Resp't Ex. 110 at 2.

Subsequently, petitioner's PCR counsel attested that he did not believe the PCR petition could be construed or amended to state a viable ground for relief. Resp't Ex. 111; *see also* Or. Rev. Stat. § 138.590(5). Respondent moved to dismiss the petition, and, after a hearing, the PCR court denied the petition as meritless pursuant to Or. Rev. Stat. § 138.525. Resp't Exs. 112-13.

Petitioner appealed. The Court of Appeals dismissed the appeal on grounds that dismissal of a PCR petition as meritless under Or. Rev. Stat. § 138.525 is not appealable. Resp't Ex. 114. Petitioner requested reconsideration. Resp't Ex. 115. The Court of Appeals denied the request, and the Oregon Supreme Court denied review. Resp't Exs. 118-20.

Petitioner now seeks federal habeas relief.

## DISCUSSION

In his federal habeas petition, petitioner alleges two grounds for relief. In Ground One, petitioner alleges: "The Oregon Legislators did not give any jurisdiction to 'THE CIRCUIT COURT OF THE STATE OF OREGON FOR THE COUNTY OF JACKSON,' 'COURT OF APPEALS OF THE STATE OF OREGON,' 'THE SUPREME COURT OF THE STATE OF OREGON.'" Pet. at 6 (ECF No. 2). Aside from the fact that this claim is meritless, petitioner failed to raise this argument before any Oregon court. Resp't Exs. 105, 110, 114-15, 118. As a result, Ground One is unexhausted and barred from federal review through procedural default. *See* 28 U.S.C. § 2254(b)(1)(A); *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (before

seeking federal habeas relief, a petitioner must "fairly present" a federal claim to the State's highest court "in order to give the State the opportunity to pass upon and to correct alleged violations of its prisoners' federal rights"); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 848, (1999) (holding that the failure to present habeas claims to the highest state court in a timely fashion "resulted in a procedural default of those claims").

In Ground Two, petitioner alleges that trial counsel was constitutionally deficient by failing to provide critical information about other alleged victims and failing to ensure that petitioner's plea was knowing and voluntary. Pet. at 6. Respondent maintains that the PCR court's decision rejecting this claim is entitled to deference. I agree.

A federal court may not grant a habeas petition regarding any claim "adjudicated on the merits" in state court, unless the state court ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" established federal law if it fails to apply the correct Supreme Court authority, or if it reaches a different result in a case with facts "materially indistinguishable" from relevant Supreme Court precedent. *Brown v. Payton*, 544 U.S. 133, 141 (2005); *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision is an "unreasonable application" of clearly established federal law if the state court identifies the correct legal principle but applies it in an "objectively unreasonable" manner. *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (per curiam); *Williams,* 529 U.S. at 407-08, 413; *see also Early v. Packer*, 537 U.S. 3, 11 (2002) (per curiam) (state court decisions that are not "contrary to" Supreme Court law may be set aside only "if they are not merely erroneous, but 'an unreasonable application' of clearly established federal law, or are based on 'an unreasonable determination of the facts.'").

Under well-established Supreme Court precedent, a habeas petitioner alleging ineffective assistance of counsel must show that 1) "counsel's performance was deficient," and 2) counsel's "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, petitioner "must show that counsel's representations fell below an objective standard of reasonableness." *Id.* at 688. To demonstrate prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Unless petitioner "makes both showings, it cannot be said that the conviction...resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

The PCR court found petitioner's ineffective assistance of counsel claims without merit and dismissed the PCR petition. Resp't Ex. 113. The PCR court's decision was not unreasonable.

Prior to petitioner's entry of guilty pleas, the trial court asked petitioner if he had reviewed and understood the plea petitions in both cases, and petitioner affirmed that he had. Resp't Ex. 104 at 3, 6. The court further inquired whether petitioner had talked with counsel about the nature of the plea petitions and their consequences, including the waiver of his right to remain silent. Resp't Ex. 104 at 3. The trial court also confirmed that petitioner understood the court was not required to follow the State's sentencing recommendation. Resp't Ex. 104 at 3. Petitioner affirmed that he understood and that he wished to plead guilty to a charge of Sexual Abuse in the First Degree in each case. Resp't at 4, 6-7.

After petitioner conveyed his intent to plead guilty, the State provided the factual basis to support each guilty plea and described the disclosures of C.F. and E.M. Resp't Ex. 104 at 5, 8. The State indicated that it had investigated petitioner's contact with "numerous" other children, and some of those children had also disclosed abuse by petitioner, including additional reports of

abuse received in the "last week." Resp't Ex. 104 at 5. At no time during or after the State's factual recitation did petitioner indicate to the court or his counsel that he no longer wanted to change his plea. Instead, petitioner confirmed that he wished to plead guilty to the two charges. Resp't Ex. 104 at 5-9.

In sum, the record reflects that petitioner had knowledge of additional disclosures prior to entering his guilty pleas, and that he understood the court was not required to follow the State's recommendation of concurrent sentences. Accordingly, petitioner fails to establish that his plea was unknowing and involuntary or that counsel was somehow deficient, and the PCR court did not unreasonably apply *Strickland* in dismissing petitioner's claims.

## CONCLUSION

The Petition for Writ of Habeas Corpus (ECF No. 2) is DENIED and this case is DISMISSED. A Certificate of Appealability is denied on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 19th day of February, 2020.

    s/Michael J. McShane
Michael J. McShane
United States District Judge